UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAREN L. HICKS,**

    **Plaintiff,**

v.                                                                                          Case No.: 8:15-cv-454-MSS-TBM

**WELLS FARGO BANK, N.A.**, a foreign
corporation, **ALDRIDGE CONNORS, LLP**,
a foreign Limited Liability Partnership,
**ASSURANT, INC.**, a foreign corporation,
and **AMERICAN SECURITY INSURANCE
COMPANY**, a foreign corporation,

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion of Assurant, Inc., American Security Insurance Company, and Wells Fargo Bank, N.A. to Stay the Proceedings (Dkt. 28), Plaintiff's Response to Defendants' Motion to Stay the Proceedings (Dkt. 43), and Defendants' Reply in Support of Their Motion to Stay the Proceedings. (Dkt. 54)

**I.     BACKGROUND**

Plaintiff filed this action on March 2, 2015. In the operative Second Amended Complaint, she asserts claims against the moving Defendants for violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, *et seq.*, the Florida Consumer Collection Practices Act (FCCPA), Florida Statutes § 559.55, *et seq.*, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*, the Racketeer

Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d), common law Intentional Infliction of Emotional Distress, and Slander of Credit. Plaintiff alleges that Defendants participated in a scheme that forced her to pay unreasonably high charges for Lender-Placed Insurance on a property owned by her mother, who died in 2008. Plaintiff alleges the premiums were inflated to provide kickbacks to Wells Fargo and that she was unaware of the excessive premiums until Wells Fargo filed a foreclosure suit against her.

Defendants contend that Plaintiff's claims are foreclosed by a settlement in Fladell, et al. v. Wells Fargo Bank, N.A., et al., No. 13-60721-FAM, an action in the United States District Court for the Southern District of Florida. Fladell was a nationwide class action in which the named plaintiffs alleged that when a borrower was required to insure his or her property pursuant to a residential mortgage or home equity line of credit and failed to provide evidence of acceptable coverage, Wells Fargo placed the insurance in a manner that resulted in Wells Fargo receiving an unauthorized benefits from two property insurers that together controlled the entire market for Lender-Placed policies.

The Fladell Court certified a settlement class of all borrowers in the United States who, within the class period, "were charged by the Wells Fargo Defendants under a hazard, flood, flood gap or wind-only Lender-Placed Insurance Policy for residential property, and who, within the Class Period, either (i) paid to the Wells Fargo Defendants the Net Premium for that Lender-Placed Insurance Policy or (ii) did not pay to and still owe the Wells Fargo Defendants the Net Premium for that Lender-Placed Insurance

Policy." Fladell, 2014 WL 5488167, *2 (S.D. Fla. Oct 29, 2014).  For property located in Florida, the class period is from September 2, 2006 to March 17, 2014.  Id.

By virtue of the settlement agreement and Final Judgment in Fladell, the Settlement Class consists of all named Plaintiffs and "Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns…" No. 13-60721-FAM, Dkt. 260 at ¶ 2.  The Settlement Class released Defendants from "any and all claims, actions, causes of action . . . that relate, concern, arise from, or pertain in any way to the [Defendants'] conduct, policies, or practices concerning Lender-Placed Insurance Policies placed or charged by the Wells Fargo Defendants during the Class Period." Id.  The Final Judgment also enjoined future litigation of any of the released claims, providing:

> [A]ll Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or 4 otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

Id.

Defendants move the Court to stay this action on the basis that most of Plaintiff's claims are duplicative of the claims that were released by the settlement class in Fladell and therefore may not be re-litigated pursuant to the Final Judgment in that case.

Plaintiff does not deny that most of the claims she asserts in this action are identical

to the released claims in Fladell. Instead, she contends that the settlement in that case has no preclusive effect on her claims in this case because she is not a member of the Settlement Class. She argues that this Court, not the Fladell court, is the appropriate forum for determining whether she is a member of the Settlement Class and whether she may collaterally attack the judgment in that case.

On March 13, 2015, Assurant and American Security Insurance Company filed a motion in Fladell for an Order to Show Cause Why Karen L. Hicks Should Not Be Held in Civil Contempt for Violating Final Judgment. The motion asks the court to exercise its power to effectuate the Final Judgment by enjoining Plaintiff from prosecuting most of the claims she has asserted in this action. Wells Fargo joined the motion on April 2, 2015. A hearing on various issues related to the motion is scheduled for July 17, 2015. (See Dkt. 59)

## II. DISCUSSION

A district court has the inherent discretionary authority to stay litigation pending the outcome of a related proceeding in another forum. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). The Court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Gov't of the Virgin Islands v. Neadle, 861 F. Supp. 1054. 1055 (M.D. Fla. 1994) ("A district court has discretion to stay an action which duplicates one pending in another federal district court.").

4

Conversely, federal district courts overseeing settlements of nationwide class actions have ample authority under the All Writs Act to enjoin parallel litigation to preserve their own authority to enforce the settlement. See United States v. New York Telephone Co., 434 U.S. 159, 172, 98 S.Ct. 364, 372 54 L.Ed.2d 376 (1977) (recognizing a federal court retains the power "to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."). Courts therefore "may invoke the authority conferred by the All Writs Act to enjoin parties from prosecuting separate litigation to protect the integrity of a judgment entered in a class action and to avoid relitigation of issues resolved by a class action." In re Managed Care, 756 F.3d 1222, 1233 (11th Cir. 2014).

It is well-settled in the Eleventh Circuit that where a class settlement and final judgment enjoin class members from prosecuting separate litigation, it is for the issuing court to determine whether the new litigation violates the court's injunction against relitigation. See Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276 (11th Cir. 2007); Reynolds v. McInnes, 338 F.3d 1201, 1208 (11th Cir. 2003); Reynolds v. Roberts, 207 F.3d 1288, 1298 (11th Cir. 2000); Winchester v. Florida Farm Bureau Equities, Inc., 2010 WL 1459797 (N.D. Fla. Apr. 9, 2010) (enjoining pending state court litigation pursuant to final judgment retaining jurisdiction to enforce class settlement agreement), aff'd, 427 Fed. Appx. 833 (11th Cir. 2011); Horton v. Met. Life. Ins. Co., 459 F. Supp. 2d 1246 (M.D. Fla. 2006) (granting permanent injunction of Pennsylvania suit as barred by class action settlement).

"Injunctions are enforced through the district court's civil contempt power." Thomas v. Blue Cross and Blue Shield Ass'n, 594 F.3d 823, 829 (11th Cir. 2010). Accordingly, if the prosecution of a subsequent action would interfere with a class settlement approved by a district court, the appropriate remedy for the class action defendant is to move "the district court for an order to show cause why [the settlement class member] should not be held in contempt for violating the injunction against the prosecution of released claims." Id. By filing such a motion in Fladell, Defendants have properly invoked that court's authority to determine whether this action violates the injunction issued by that court.

Plaintiffs argues that she may collaterally attack the judgment in that case and that this Court may decide on its own whether the Fladell settlement is *res judicata* with respect to her claims in this action. She is correct that if her claims are allowed to proceed, the Court may make its own determination as to the preclusive effect of the Final Judgment in Fladell. As demonstrated above, however, it is for the Fladell court to determine, in the first instance, whether her claims in this action may proceed.

This case is in the early stages of litigation. The only substantive pending motions are Defendants' motions to dismiss, which turn largely on the question of whether Plaintiff's claims in this action are enjoined by the Final Judgment in Fladell. Based on Eleventh Circuit jurisprudence, the Court concludes that a stay of this case is warranted until such time as the Fladell court determines whether any of the claims in this case violate the injunction against re-litigation of the claims released in that action.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Assurant, Inc., American Security Insurance Company, and Wells Fargo Bank, N.A.'s Motion to Stay the Proceedings (Dkt. 28) is **GRANTED**. This case is **STAYED** pending a ruling on the Motion for an Order to Show Cause Why Karen L. Hicks Should Not Be Held in Civil Contempt for Violating Final Judgment in Fladell, et al. v. Wells Fargo Bank, N.A., et al., No. 13-60721-FAM, pending in the United States District Court for the Southern District of Florida.

2. The Clerk is **DIRECTED** to **TERMINATE** any pending motions in this case.

3. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

4. Within **thirty (30) days** of the Fladell court's final determination of whether any of the claims in this action may proceed, the parties shall file a motion to reopen this case to proceed with the litigation or file motions seeking whatever other relief would be appropriate.

**DONE** and **ORDERED** in Tampa, Florida, on this 16th day of July 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* Parties